UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER C. LICHT,

                Plaintiff,

v.                                                          CASE # 19-cv-00896

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>600 North Bailey Ave<br>Suite 1A<br>Amherst, NY 14226 | MARY ELLEN GILL, ESQ.<br>KENNETH R. HILLER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | ANNE M. ZEIGLER, ESQ.<br>PAMELA MCKIMENS, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is GRANTED, defendant's motion is DENIED, the decision of the Commissioner be

REVERSED, and this matter be REMANDED for further administrative proceedings consistent with this order.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born on August 11, 1990, and has a general equivalency diploma (GED). (Tr. 176, 211). Generally, plaintiff's alleged disability consists of panic attacks, depression, anxiety, obsessive compulsive disorder (OCD), left should dislocation, and hepatitis C. (Tr. 210). His alleged onset date is February 11, 2015. (Tr. 185).

### B. Procedural History

On February 11, 2016, plaintiff protectively applied for a Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. (Tr. 156). Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge (the ALJ). On June 6, 2018, plaintiff appeared before the ALJ, Patricia French. (Tr. 37-76). On August 10, 2018, ALJ French issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 12-32). On May 8, 2019, the Appeals Council (AC) denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-5). Thereafter, plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in her decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant has not engaged in substantial gainful activity since February 11, 2016, the application date.

2. The claimant has the following severe impairments: recurrent dislocation of the left non-dominant shoulder, bipolar disorder and polysubstance use disorder, which is not in remission. (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d)).

4. After careful consideration of the entire record, I find that, based on all of the impairments, including substance use disorders, the claimant has residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant should be limited to occasional reaching with the left non-dominant arm; he should engage in simple, routine, repetitive tasks that involve no interaction with the public and only occasional interaction with supervisors and coworkers; he should be able to work independently with only occasional instruction. Instructions may be given visually as well as orally. He must not be exposed to unprotected heights or heavy machinery. The claimant can be expected to be off task up to 10% of the workday in addition to regular breaks, and absent more than two days a month on an unscheduled basis. Moreover, he can be expected to be late for work more than one time per week, and in addition, he can be expected to leave early more than one time per week.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on August 11, 1990, and was 24 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are no jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.960(c) and 416.966).

10. If the claimant stopped the substance use, the remaining limitations would cause more than a minimal impact on the claimant's ability to perform basic work activities; therefore, the claimant would continue to have a severe impairment or combination of impairments.

11. If the claimant stopped the substance use, the claimant would not have an impairment or combination of impairments that meets or medically equals any of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d)).

12. If the claimant stopped the substance abuse, the claimant would have the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant should be limited to occasional reaching with the left non-dominant arm; he should engage in simple, routine, repetitive tasks that involve no interaction with the public and only occasional interaction with supervisors and

    coworkers; he should be able to work independently with only occasional instruction. Instructions may be given visually as well as orally. He must not be exposed to unprotected heights or heavy machinery. The claimant can be expected to be off task up to 10% of the workday in addition to regular breaks, and be absent up to one half day per month.

13. As indicated above, the claimant does not have past relevant work (20 CFR 416.965).

14. As indicated above, transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

15. If the claimant stopped the substance use, considering the claimant's age, education, work experience, and residual functional capacity, there would be a significant number of jobs in the national economy that the claimant could perform (20 CFR 416.960(c) and 416.966).

16. The substance use disorder is a contributing factor material to the determination of disability because the claimant would not be disabled if he stopped the substance abuse (20 CFR 416.920(g) and 416.935). Because the substance use disorder is a contributing factor material to the determination of disability, the claimant has not been disabled within the meaning of the Social Security Act at any time from the date the application was filed through the date of this decision.

(Tr. 12-32).

## II.    THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.    Plaintiff's Arguments

Plaintiff makes two arguments in support of his motion for judgment on the pleadings. First, plaintiff argues the ALJ failed to adequately explain how her RFC findings, and the highly specific limitations contained therein, were supported by substantial evidence. Second, plaintiff argues it was not possible to separate plaintiff's co-occurring mental health impairments from his substance abuse, and therefore the ALJ's finding of drug and alcohol abuse (DAA) as material to the disability determination was based on legal error. (Dkt. No. 7 at 1 [Pl.'s Mem. of Law]).

### B.    Defendant's Arguments

In response, defendant makes two arguments. First, defendant argues that substantial evidence supports the ALJ's RFC finding. (Dkt. No. 9 at 12 [Def.'s Mem. of Law]). Second, the DAA materiality was properly assessed and supported. (Dkt. No. 9 at 17).

### III. RELEVANT LEGAL STANDARD

#### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.  Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

When there is medical evidence of a plaintiff's drug or alcohol abuse, the "disability" inquiry does not end with the five-step analysis. *See* 20 C.F.R. § 416.935(a). The ALJ must determine whether the plaintiff would still be "disabled if [he] stopped using drugs or alcohol." *Id.* § 416.935(b)(1); *see also id.* § 416.935(b)(2)(i) ("If [the Commissioner] determine[s] that [the plaintiff's] remaining limitations would not be disabling, [he] will find that [the] drug addiction or alcoholism is a contributing factor material to the determination of disability."). Plaintiffs bear the

burden of proving DAA immateriality. *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 123 (2d Cir. 2012).

IV.   **ANALYSIS**

   **A.  RFC**

The residual functional capacity (RFC) is an assessment of "the most [plaintiff] can still do despite [his] limitations." 20 C.F.R. § 416.945(a)(1)[1]. The ALJ is responsible for assessing plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what plaintiff can still do, provided by any medical sources. *Id.* §§ 416.927(d), 416.945(a)(3), 416.946(c). Plaintiff argues the ALJ failed to adequately explain, by reliance on medical opinion or by a function-by-function assessment, how her RFC findings were supported by substantial evidence. (Dkt. No. 7 at 9). Although plaintiff initially focuses on the analysis of Dr. Lawrence's opinion, the broader argument is that the ALJ's reasoning is not amenable to meaningful review.

The only psychiatric opinion in the record is from state agency review consultant Dr. C. Lawrence. On May 3, 2018, Dr. Lawrence opined plaintiff had no limitations in understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; or adapting or managing himself. (Tr. 571). Dr. Lawrence found that plaintiff had no severe mental impairments and found no limitations in understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; or adapting or managing himself. (Tr. 571, 573). The ALJ gave this opinion great weight but

---

[1] Effective March 27, 2017, many of the regulations cited herein have been amended, as have Social Security Rulings ("SSRs"). Nonetheless, because Plaintiff's social security application was filed before the new regulations and SSRs went into effect, the court reviews the ALJ's decision under the earlier regulations and SSRs.

conflictingly found plaintiff suffered from the severe mental health impairment of bipolar disorder, and moderate limitations in all four domains of functioning, regardless of abusing substances or abstaining. (Tr. 22). Particularly important in this DAA case is that Dr. Lawrence acknowledges a chronic polysubstance abuse disorder, ongoing abuse despite inpatient treatment, and makes no reference to periods of sobriety. (Tr. 573).

Defendant argues the ALJ may find a more restrictive RFC and that the ALJ properly assessed the evidence of record in concluding the remaining severe impairments did not rise to the level of disability. (Dkt. No. 9 at 16). Indeed, an ALJ does not have to strictly adhere to the entirety of one medical source opinion and may formulate an RFC that is more restrictive. *McLeod v. Berryhill,* Case No. 1:17-CV-00262, 2018 WL 4327814, at *3 (W.D.N.Y. Sept. 11, 2018) (consultative examiner's opinion supported RFC finding, noting that "'the fact that the ALJ's RFC assessment did not perfectly match [an examining medical source]'s opinion, and was in fact more restrictive than that opinion, is not grounds for remand.'") (quoting *Castle v. Colvin*, No. 1:15-CV-00113(MAT), 2017 WL 3939362, at *3 (W.D.N.Y. Sept. 8, 2017)). However, in this case the ALJ's rationale cannot be inferred from her decision because the findings were directly contrary to all of Dr. Lawrence's findings, and significantly there was no other opinion with limitations.

Looking beyond how the ALJ weighed Dr. Lawrence's opinion, it is unclear how the ALJ reached such highly specific mental RFCs in her bifurcated DAA analysis. The ALJ effectively gave little weight to all of the medical opinion evidence and did not provide a function-by-function narrative of how she arrived at the detailed RFC findings. *See Milillo v. Comm'r of Soc. Sec.*, 2019 WL 642649, *4-5 (W.D.N.Y. Feb. 15, 2019) (quoting *Ford v. Colvin*, 2013 WL 4718615, *8 (W.D.N.Y. Sept. 3, 2013)); *see also Marquez v. Comm'r of Soc. Sec.*, 2018 WL 6241308, *5 (W.D.N.Y. Nov. 29, 2018). Although failure to explicitly engage in a function-by-function

analysis as part of the RFC assessment does not constitute a per se error requiring remand, an ALJ must still explain the link between her RFC assessment and the record evidence supporting that assessment. *See Chichocki v. Astrue,* 729 F.3d 172, 174 (2d Cir.2013); *See also Paul v. Colvin,* No. 15-CV-310, 2016 WL 6275231, at *2 (W.D.N.Y. Oct. 27, 2016).

In her decision, the ALJ found the following mental RFCs:

1. (Including Substance Abuse) He should engage in simple, routine, repetitive tasks that involve no interaction with the public and only occasional interaction with supervisors and coworkers; he should be able to work independently with only occasional instruction. Instructions may be given visually as well as orally. He must not be exposed to unprotected heights or heavy machinery. The claimant can be expected to be off task up to 10% of the workday in addition to regular breaks, and absent more than two days a month on an unscheduled basis. Moreover, he can be expected to be late for work more than one time per week, and in addition, he can be expected to leave early more than one time per week.

2. (If Substance Abuse Stopped) He should engage in simple, routine, repetitive tasks that involve no interaction with the public and only occasional interaction with supervisors and coworkers; he should be able to work independently with only occasional instruction. Instructions may be given visually as well as orally. He must not be exposed to unprotected heights or heavy machinery. The claimant can be expected to be off task up to 10% of the workday in addition to regular breaks, and be absent up to one half day per month.

The ALJ's lengthy decision essentially summarized plaintiff's testimony, summarized the treatment record, and then weighed the opinion evidence. There was no meaningful discussion or analysis explaining the link between her RFC limitations and the evidence supporting that assessment, particularly the off task and absence limitations. *See Milillo*, 2019 WL 642649, at *4 ("Here, the ALJ summarizes and cites some of the record medical evidence, but he does not tie that evidence to the mental demands of competitive work."); *Marquez*, 2018 WL 6241308, at *5 (remanding where the ALJ "cite[d] three medical records that allegedly support her RFC finding as of January 1, 2015, but she [did] not tie those records to the demands of light work and none of those records illuminate how Marquez's impairments affect her functional capacity"). Further, there is no substantial evidence supporting the arbitrary differences between being absent two or

more days a month when abusing drugs versus one half day per month when not abusing drugs. As noted above, the ALJ had actually found identical functional limitations in the four domains and there was no opinion evidence pertaining to plaintiff's limitations if he stopped using.

Defendant cites a number of mental status examinations from both before and after the hearing as evidence the ALJ fulfilled her obligation to assess the record as a whole to formulate the RFC. (Dkt. No. 9 at 15). However, generally plaintiff was noted to be alert, oriented, engaged, normal memory, normal attention span and appropriate affect so it is unclear how those records would support the ALJ's highly specific RFC. There is simply no way to read the ALJ's decision that yields an understanding of how the limitations were reached.

Plaintiff additionally argues the ALJ's DAA materiality finding was based upon legal error and not supported by substantial evidence. To be sure, in the DAA analysis adjudicators may draw inferences from evidence during periods of abstinence based upon the length of the abstinence, how recently it occurred, and whether the severity of the co-occurring impairment increased after the abstinence ended. *See* SSR 13-2p. In this case, the ALJ found plaintiff had the severe mental health impairment of bipolar disorder but found plaintiff's limitations would improve to the point of nondisability in the absence of substance abuse. Unfortunately, the ALJ mischaracterized the evidence of record when she concluded that there was "small but valuable evidence" of such an improvement. (Tr. 30). The one citation by the ALJ, and defendant, of a period of abstinence with improvement was a very short period where it is not even clear if plaintiff was not using. Records indicate he was started on medication May 19, 2018 and had marked improvement on May 21, 2018 and was discharged a day later. (Tr. 693). His next inpatient hospitalization was a month later on June 22, 2018. Plaintiff reported he used opiates a month prior and urine screen was positive for marijuana and benzodiazepines. (Tr. 699). During that inpatient stay, despite sobriety while

admitted, the plaintiff's mood stabilized but he was noted to socialize selectively, experience agitation and require additional medications minimizing the potential for harming himself or others. (Tr. 700).

Case law in this circuit establishes that where limitations associated with substance abuse cannot be parsed out from mental health limitations, substance abuse cannot be held material to a finding of disability. *Williams v. Colvin*, 2016 WL 1553443, *6 (W.D.N.Y. Apr. 18, 2016) (citing *Frankhauser v. Barnhart*, 403 F. Supp. 2d 261, 274 (W.D.N.Y. 2005) ("When it is not possible to separate mental restrictions and limitations imposed by the DAA and the various mental disorders shown by the evidence, a finding of 'not material' would be appropriate.") (citing SSA Emergency Teletype, "Questions and Answers Concerning DAA from July 2, 1996 Teleconference – Medical Adjudicators – ACTIONS," August 30, 1996, Answer 29))). As actually noted by the ALJ earlier in her decision, there was no period of abstinence long enough to allow the acute effects of drug or alcohol use to abate, and she cited Northpointe Council treatment notes confirming plaintiff's continued use of substances. (Tr. 28). When making the second RFC finding under the DAA analysis, the ALJ conflictingly stated that "for short periods of time … claimant stabilized to the point that even he stated, in a controlled and medicated sobriety, that he could not understand the improvement." (Tr. 34). The evidence also does not bear out the phrase "short periods of time" because it was one very brief occurrence after only two days of medication and sobriety. The mischaracterization of the one instance of possible sobriety with improvement is not harmless because it is a significant part of the analysis. *See Poles v. Colvin*, 2015 WL 6024400, *4 (W.D.N.Y. Oct. 15, 2015) ("Because these conclusions, which were key to the ALJ's rejection of plaintiff's claim, are improperly based on a selective citation to, and mischaracterization of, the record, the Court finds that the ALJ's decision does not provide an adequate basis for meaningful

judicial review, and is not supported by substantial evidence."). Considering that the ALJ found plaintiff's bipolar disorder severe and found moderate limitations in all four domains of functioning regardless of whether plaintiff was abusing substances, it is impossible on this record to parse out the limitations attributable to plaintiff's co-occurring mental impairments from his limitations attributable to substance abuse.

Remand for calculation of benefits is not appropriate because the RFC finding plaintiff disabled while abusing substances is not supported by substantial evidence as discussed above. Remand is appropriate for further findings and a clearer explanation for the decision. *See Berry v. Schweiker,* 675 F.2d 464, 469 (2d Cir.1982)("where we are "unable to fathom the ALJ's rationale in relation to evidence in the record, especially where credibility determinations and inference drawing is required of the ALJ," we will not "hesitate to remand for further findings or a clearer explanation for the decision"; *see Cichocki v. Astrue,* 729 F.3d 172, 177-78 (2d Cir. 2013) (noting that "[r]emand may be appropriate . . . where other inadequacies in the ALJ's analysis frustrate meaningful review").

**ACCORDINGLY,** it is

**ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 7) is **GRANTED**; and it is further

**ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 9) is **DENIED**; and it is further

**ORDERED** that this matter is **REMANDED**, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: July 17, 2020 *J. Gregory Wehrman*
Rochester, New York HON. J. Gregory Wehrman
United States Magistrate Judge